UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LORETTA ANN GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:11-cv-00080-GZS |
| | ) |
| US POST OFFICE, MAINE, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Loretta Ann Greer, a prisoner in an Arizona correctional facility, has sued Michael Cole, a Maine resident and prison litigation self-help businessman, the United States Post Office, and two of its unnamed employees, in connection with the loss and/or destruction of certain manuscript materials prepared by Greer and allegedly forwarded to Cole via United States Mail. In an earlier order I granted *in forma pauperis* status to Greer (Doc. No. 3) and I advised her that her complaint was particularly susceptible to dismissal. Nevertheless, Greer notified the court that she wished to proceed with this litigation and she has chosen not to file an amended complaint. (Doc. No. 6.) I have now screened this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and I recommend that the complaint be summarily dismissed for the reasons stated herein.

**Complaint Allegations**

Greer's complaint is two handwritten pages without numbered paragraphs but each line has a line number beside it. I will refer to those line numbers when referencing what I discern as the salient allegations. According to Greer, Cole wrote to her and told her that her manuscript pages had been sent to her. She only received approximately ten pages, not the originals, but typed copies, and just a part of the two hundred pages she had originally sent to him. (Compl. at

1: 20-23.) Cole acknowledged in a letter that he had received $130 in payment from Greer and that she still had a $100 credit "in his safe." (Id.: 24-27). Greer goes on to explain that Cole also acknowledged receiving seventy-five pages of her "stationery drawings" and a letter acknowledging that her account has a $310 balance which she claims she is entitled to have refunded. (Id. at 1: 28-30.) Greer indicates that she has written to Cole four times and he has failed to respond. She believes his responses are just not being sent from the post office. (Id. at 2: 2-6.) Although she has requested that Cole send her money and her original manuscript pages to either Brian Cummings or Wallace Rankins, this has not been done. Greer believes that the fault must lie with the Maine post office which has aided Michael Cole in defrauding her. (Id. at 2: 5-14.)

Greer's allegations are further clarified by a series of exhibits submitted in support of the claim. Exhibit One (Doc. No. 1-1) is a letter from Michael Cole to Greer on letterhead stationery bearing the North Haven, Maine, address of "Help from Beyond the Walls," a business apparently run by Cole which assists prisoners with typing and other communication issues. The letter acknowledges that Greer has $ 310 on account. The next exhibit (Doc. No. 1-2) is a letter from "Midcoast Paralegal," a North Haven, Maine entity. In this letter Cole identifies himself as a paralegal who also "buys things" or sends thing to people, and he specifically references "snack cakes." It is not entirely clear, but it appears that Cole offers to perform discrete services for prisoners in various institutions and receives monetary compensation based on the nature of the service performed. The third exhibit (Doc. No. 1-3) appears to be an email exchange between Greer and James Hill Law. There is no real explanation or substance contained within the emails. The final exhibit (Doc. No. 1-4) is a declaration under penalty of perjury signed by Michael Cole. It bears a caption and docket number indicating it was intended to be filed in a

lawsuit initiated by Greer in the District of Arizona. Apparently Cole was unable to have telephone contact with Greer because the Arizona Department of Corrections' rules prohibited such contact due to Cole's felony record.

## Discussion

Pursuant to the screening provisions of 28 U.S.C. 1915(e)(2)(B) this court may dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In the present case, the complaint against Michael Cole does not state a claim because this court lacks subject matter jurisdiction. Michael Cole is not a governmental actor and, thus, the sole basis for this court's jurisdiction would be premised on diversity jurisdiction as set forth in 28 U.S.C. § 1332. Greer is a resident of Arizona and Cole is a resident of Maine, satisfying the requirement that the suit must be between citizens of different states. However, in order for there to be diversity jurisdiction the matter in controversy must exceed the sum of $75,000. A dispute about $430.00 does not approach the jurisdictional prerequisite. Nor can this court exercise supplemental jurisdiction over the claim against Cole, because, as discussed below, the claim against the United States must be dismissed as well.

The United States Postal Service (Maine office) must be dismissed because the postal service is immune from any of Greer's tort claims. The Federal Tort Claims Act provides that the United States retains sovereign immunity for losses with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). See Dolan v. U.S. Postal Serv., 546 U.S. 481, 490 (2006) ("Congress expressed the intent to immunize only a subset of postal wrongdoing, not all torts committed in the course of mail delivery."). Congress specifically authorized that lost or damaged mail claims were to be

3

handled administratively, as these matters are covered by the United States Postal Service (USPS) Mailing Standards in Section 609 of the Domestic Mail Manual. Id. (citing United States Postal Service's Mailing Standards, Domestic Mail Manual 609.1.1 (Nov. 10, 2005)). Such tort claims against the USPS are properly dismissed for lack of subject matter jurisdiction. See, e.g., Ly v. U.S. Postal Serv., __ F. Supp. 2d. __, __, 2011 WL 1235760, 3 (Mar. 30, 2011, D.D.C. 2011); McBride v. U. S. Postal Serv., 2007 WL 1965337 (E.D.N.Y. June 29, 2007).

Greer's claims against the two unidentified postal workers fares no better. Clearly any allegations pertaining to them would fall within the scope of their employment. As employees of the United States they are entitled to the same immunities as the government retains when their conduct falls within the scope of their employment. See 28 U.S.C. § 2679(2). Thus, these defendants are also entitled to dismissal based upon their immunity from any claim for monetary damages.

**Conclusion**

Based upon the foregoing, I recommend that Greer's complaint be dismissed in its entirety.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 2, 2011.